UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CASE NO.:

DAYANARA J. TORRES,

    Plaintiff,

v.


AMAZON.COM SERVICES LLC

    Defendant,

_____/

## **COMPLAINT**

Comes now the Plaintiff, Dayanara J. Torres, by and through the undersigned counsel, and hereby sues Defendant Amazon.Com Services LLC, and alleges:

### Introduction

This is an action for equitable and monetary relief brought by Plaintiff to readdress the violations of Plaintiff's rights pursuant to the Family Medical Leave Act (hereinafter "FMLA"), 29 USC. Section 2612 (a)(1), and the anti-retaliatory provisions found in Section 2615 (a)(1) and (2), and (b) (1). Defendant interfered with Plaintiff's rights to take FMLA leave and terminated her employment because of FMLA-protected absences to take care of her mother's serious medical condition.

## Jurisdiction Venues and Parties

1. This is an action for damage whose amount exceeds Fifteen Thousand Dollars ($15,000.00), exclusive of interest, Attorney's fees, and costs.

2. Plaintiff Dayanara J. Torres is a resident of Polk County, Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FMLA.

3. Defendant Amazon.Com Services LLC (from now on, Amazon, or Defendant) is a Florida corporation doing business in Polk County, Florida. Defendant Amazon was and is engaged in interstate commerce.

4. The venue of this action is appropriately placed in the Middle District of Florida, Tampa Division, pursuant to 28 USC §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Polk County, within the jurisdiction of this Honorable Court.

## Allegations Common to all Counts

5. Plaintiff Dayanara J. Torres is a 29-year-old, qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act, employed by Defendant. Accordingly, Plaintiff is a covered employee within the meaning of the FMLA.

6. Defendant Amazon is an online retailer, marketing, and logistics Company. Defendant has hundred of fulfillment or distribution centers around the U.S.

Plaintiff worked at the Amazon Fulfillment Center TPA3, located at 676 C. Fred Jones Boulevard, Auburndale, FL 33823.

7. Defendant Amazon is engaged in an industry affecting commerce, employing 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year. Accordingly, Defendant is a covered employer within the meaning of the FMLA.

8. Defendant Amazon employed Plaintiff Dayanara J. Torres from approximately November 08, 2020, to March 23, 2023, or two years and four months (123 weeks.)

9. Plaintiff was hired as a full-time warehouse employee working 40 hours or more. Plaintiff was an inventory employee. At the time of her termination, Plaintiff's wage rate was $17.65 an hour.

10. Throughout her employment with Defendant, Plaintiff performed her duties in an exemplary fashion. Plaintiff possessed all the required skills, training, and qualifications for the job in question and performed her duties without significant issue or controversy.

11. On or about March 03, 2023, Plaintiff requested an FMLA leave to take care of her mother's serious health condition.

12. The FMLA was approved from March 03, 2023, to March 16, 2023 (approximately two weeks.) Plaintiff would return to work on March 17, 2023.

13. On or about March 12, 2023, due to her mother's serious health condition, Plaintiff was forced to request an extension for her FMLA leave. Plaintiff requested an FMLA leave covering from March 03, 2023, to March 26, 2023, or approximately three weeks. Plaintiff's FMLA extension request was approved.

14. However, on or about March 15, 2023, Plaintiff received a letter via email from Amazon informing her that her extended FMLA leave, from March 16, 2023, to March 26, 2023, was not approved, and she was terminated. Plaintiff did not see the email until March 19, 2023.

15. On or about March 20, 2023, Plaintiff called Human Resources to ask why they had sent a termination letter if her FMLA had been approved. The H.R. representative stated that it was a system error since her leave was approved, and Plaintiff would receive an email to return to work.

16. Nevertheless, on or about March 23, 2023, Plaintiff received an email letter confirming the denial of the FMLA extension and informing her that she was fired.

17. Therefore, on or about March 23, 2023, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

18. Defendant Amazon is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654), and Plaintiff was entitled to the FMLA leave. However, Defendant interfered with Plaintiff's protected rights under the FMLA. Defendant, in complete disregard of Plaintiff's rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of an FMLA-protected leave and then continuing her job in her original position or an equivalent position.

19. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter."

20. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described above, Plaintiff has sustained damages for the loss

of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

21. Plaintiff seeks to recover damages pursuant to the Family Medical Leave Act, and any other remedy as allowable by law.

## COUNT I:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993; INTERFERENCE WITH FMLA RIGHTS

22. Plaintiff Dayanara J. Torres re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-21 above as if set out in full herein.

23. This is an action against corporate Defendant Amazon for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

24. At all times relevant and material, Defendant Amazon is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was always pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

25. Plaintiff Dayanara J. Torres is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

26. Defendant Amazon employed Plaintiff Dayanara J. Torres from approximately November 08, 2020, to March 23, 2023, or two years and four months (123 weeks.)

27. Plaintiff was hired as a full-time warehouse employee working 40 hours or more. Plaintiff was an inventory employee. At the time of her termination, Plaintiff's wage rate was $17.65 an hour.

28. Plaintiff had worked for Amazon for more than 1,250 hours in the 12 months preceding her need for medical leave.

29. At all times material, Plaintiff was qualified to perform her job as a warehouse employee within the legitimate expectations of her Employer.

30. Plaintiff was eligible for the FMLA's protection

31. Amazon was an Employer covered by the FMLA provisions.

32. Plaintiff was entitled to an extended leave under the FMLA to take care of a qualified family member.

33. Plaintiff provided sufficient notice of her need to take an FMLA leave.

34. Defendant Amazon denied Plaintiff FMLA benefits to which she was entitled.

35. Defendant took materially adverse actions against Plaintiff and terminated her employment and benefits because she exercised rights protected under FMLA.

36. On or about March 23, 2023, Defendant terminated Plaintiff without good cause, falsely alleging absenteeism.

37. Defendant deprived Plaintiff of FMLA rights by denying an FMLA leave to which she was entitled under the FMLA.

38. Therefore, on about March 23, 2023, Plaintiff was wrongfully terminated, and her rights under the provisions of the Family Medical Leave Act were violated.

39. Defendant Amazon is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Accordingly, Defendant interfered with Plaintiff's rights.

40. 29 US CODE § 2615 states in pertinent part:

**a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under this subchapter.
**(2) Discrimination**

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

41. Plaintiff was entitled to an FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, fired Plaintiff, preventing her from obtaining the benefits of FMLA to take care of her mother suffering from a serious health condition, and then continuing her job in her original position or any equivalent position.

42. Defendant willfully and wantonly denied or otherwise interfered with Plaintiff's substantive rights under FMLA, 29 USC. Sect 2615(a)(1), (a) (2), and 2615(b) (2) which states in pertinent part: (b) Interference with proceedings or inquiries........(2) It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter"

43. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has sustained mental, nervous, and emotional injury. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, loss of capacity for the enjoyment of life, and other damages attendant with the loss of her job. These damages have

occurred in the past, are occurring at present, and will continue in the future.

44. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable attorneys' fees.

## Prayer For Relief

Wherefore, Plaintiff Dayanara J. Torres respectfully requests that this Honorable Court will grant judgment:

A. Finding that Amazon's actions towards Plaintiff to be violative of Plaintiff's rights under the FMLA;

B. Awarding Plaintiff Dayanara J. Torres payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper awarding Plaintiff costs, including a reasonable attorney's fee.

## Demand for a Jury Trial

Plaintiff Dayanara J. Torres demands a trial by jury of all issues triable as a right by jury.

## COUNT II:
## VIOLATION OF FAMILY & MEDICAL LEAVE ACT OF 1993
## RETALIATION FOR EXERCISING FMLA RIGHTS

45. Plaintiff Dayanara J. Torres re-adopts every factual allegation about the Family Medical Leave Act as stated in paragraphs 1-21 above as if set out in full herein.

46. This is an action against corporate Defendant Amazon for damages and injunctive relief for violation of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654).

47. At all times relevant and material, Defendant Amazon is an Employer under the FMLA, as defined in 29 USC § 2611(4). Defendant was at all-time pertinent to this Complaint, engaged in interstate commerce, and employed 50 or more employees within a 75 miles radius of the facility where Plaintiff worked.

48. Plaintiff Dayanara J. Torres is a qualified female member of the protected class within the purview of 29 USC Section 2601, The Family & Medical Leave Act.

49. Defendant Amazon employed Plaintiff Dayanara J. Torres from approximately November 08, 2020, to March 23, 2023, or two years and four months (123 weeks.)

50. Plaintiff was hired as a full-time warehouse employee working 40 hours or more. Plaintiff was an inventory employee. At the time of her termination, Plaintiff's wage rate was $17.65 an hour.

51. Plaintiff had worked for Amazon for more than 1250 hours in the 12 months preceding her need for medical leave.

52. At all times material, Plaintiff was qualified to perform her job as a production employee within the legitimate expectations of her Employer.

53. Plaintiff engaged in statutorily protected conduct by requesting an FMLA leave extension.

54. However, Defendant ignored Plaintiff's rights under the FMLA and denied Plaintiff's request for a qualified extended FMLA leave to take care of a qualified family member.

55. Plaintiff was fired because of her attempts to exercise protected rights under the FMLA.

56. On or about March 23, 2023, Defendant terminated Plaintiff, alleging absenteeism.

57. Plaintiff suffered a materially adverse action of a type that would dissuade a reasonable employee from engaging in statutorily protected activity. Specifically, Defendant terminated Plaintiff's employment.

58. There is a causal link between Plaintiff's protected activity and the adverse action.

59. Plaintiff was wrongfully terminated from her position in retaliation for exercising her rights under the Act, thereby adversely affecting Plaintiff.

60. Defendant Amazon is subjected to the provisions of the Family and Medical Leave Act of 1993 (29 USC § 2601-2654). Defendant retaliated against Plaintiff violating 29 US CODE § 2615 and 29 CFR § 825.220, which states in pertinent part:

    § 825.220 Protection for employees who request leave or otherwise assert FMLA rights.

    **(a)** The FMLA prohibits interference with an employee's rights under the law, and with legal proceedings or inquiries relating to an employee's rights. More specifically, the law contains the following employee protections:

    **(1)** An employer is prohibited from interfering with, restraining, or denying the exercise of (or attempts to exercise) any rights provided by the Act.

    **(2)** An employer is prohibited from discharging or in any other way discriminating against any person (whether or not an employee) for opposing or complaining about any unlawful practice under the Act.

61. Plaintiff was entitled to FMLA leave. However, Defendant, in complete disregard of Plaintiff's protected rights under the Family Medical Leave Act, acting in bad faith, fired Plaintiff, preventing her from obtaining the benefits of FMLA leave of absence to take care of a qualified family member, and then continuing her job in her original position or any equivalent position.

62. Defendant willfully and wantonly denied or otherwise interfered and retaliated against Plaintiff for her attempts to exercise substantive rights under the Family Medical Leave Act.

63. As a direct and proximate cause of Defendant's willful, wanton, and malicious acts described in part above, Plaintiff has sustained damages for the loss of her employment, as well as the security and peace of mind it provided her. Plaintiff has incurred additional damages, including lost wages, pain and suffering, mental anguish, and other damages connected with the loss of her job.

64. Plaintiff has retained the law offices of the undersigned Attorney to represent her in this action and is obligated to pay reasonable Attorney's fees.

## Prayer For Relief

Wherefore, Plaintiff Dayanara J. Torres respectfully requests that this Honorable Court will grant judgment:

A. Finding that Amazon's actions toward Plaintiff are violative of Plaintiff's rights under the FMLA.

B. Awarding Plaintiff Dayanara J. Torres payment of all back wages, lost benefits, and other economic damages, including front pay, found by the Court to be due under FMLA;

C. Awarding Plaintiff an additional equal amount as liquidated damages for Defendant's willful violation of the FMLA;

D. Granting such other and further relief as is just and proper;

E.  Awarding Plaintiff costs, including a reasonable attorney's fee.

<u>Jury Demand</u>

Plaintiff Dayanara J. Torres demands a trial by a jury of all issues triable as of right by jury.

DATE: April 29, 2023

                          Respectfully submitted,

                          By: **/s/ Zandro E. Palma**
                          ZANDRO E. PALMA, PA.
                          Florida Bar No.: 0024031
                          9100 S. Dadeland Blvd.
                          Suite 1500
                          Miami, FL 33156
                          Telephone:   (305) 446-1500
                          Facsimile:    (305) 446-1502
                          zep@thepalmalawgroup.com
                          *Attorney for Plaintiff*